953 F.2d 638
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William E. GREGORY, Jr., Plaintiff-Appellee,
v.
The ULTIMATE CORPORATION, Defendant-Appellant.
Bruce H. MARQUARDT, Plaintiff-Appellee,
v.
The ULTIMATE CORPORATION, Defendant-Appellant.
 Nos. 91-1529, 91-1530.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1991.
Decided Jan. 31, 1992.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis III, District Judge. (CA-90-888-A, CA-90-889-A)
 Argued: Stephen William Robinson, McGuire, Woods, Battle & Boothe, Washington, D.C., for appellant; William T. Parrott, III, Boring, Parrott & Foust, P.C., Vienna, Virginia, for appellees.
 On Brief: Brian V. Ebert, Karl W. Pilger, Boring, Parrott & Foust, P.C., Vienna, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL and WILKINSON, Circuit Judges, and ALEXANDER HARVEY, II, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Ultimate Corporation appeals several rulings of the district court in this case in which the jury awarded severance pay to appellees William Gregory and Bruce Marquardt. Gregory and Marquardt became employees of Ultimate in December 1989, approximately the same time that Ultimate purchased Advanced Marketing Management, Inc., a company owned in part by Gregory and Marquardt. Ultimate entered into separate employment contracts with the two individuals, and both contracts included a provision whereby Ultimate agreed to make severance payments equal to one year's salary in the event it terminated the employee "for any reason other than performance." Following termination of Gregory and Marquardt by Ultimate on June 1, 1990, both demanded that Ultimate make the severance payment pursuant to the employment contracts, but Ultimate refused. Gregory and Marquardt thereafter filed separate actions in the district court alleging, inter alia, that Ultimate breached the relevant individual's employment contract by not making the severance payment. Following a consolidated trial, the jury awarded both Gregory and Marquardt the full severance benefit.
 
 
 2
 The district court correctly stated that the crux of this dispute concerns the meaning of the contractual provision that promised that Gregory and Marquardt would receive their severance benefit if they were discharged "for any reason other than performance." We find no error in the district court's ruling that this contractual language was ambiguous. Consequently, we believe the district court did not err by admitting parol evidence as to the meaning of the contract term. Renner Plumbing, Heating & Air Conditioning, Inc. v. Renner, 303 S.E.2d 894, 898 (Va.1983). We agree with the district court's assessment that the dispute over the meaning of the provision was "quintessentially a jury issue," and after examining the record and hearing oral argument, we see no reason to upset the jury's verdict. We therefore affirm the district court's denial of the defendant's motions for a directed verdict and for a new trial.
 
 
 3
 We also find all of the appellant's remaining assignments of error to be without merit, so the judgment of the district court is hereby
 
 
 4
 AFFIRMED.